# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

MICHAEL HOFFMAN,

                Plaintiff,

  v.

CAROLYN W. COLVIN. Commissioner of Social Security,

                Defendant.

Case No. 3:13-cv-05060-BHS-KLS

REPORT AND RECOMMENDATION

Noted for February 7, 2014

Plaintiff has brought this matter for judicial review of defendant's denial of his application for supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On March 17, 2006, plaintiff, who was then a child under the age of 18 years old, filed an application for SSI benefits, alleging disability as of July 10, 1995, due to various mental health disorders. See ECF #12, Administrative Record ("AR") 23, 298. That application was denied upon initial administrative review on May 15, 2006, and on reconsideration on August 21, 2006.

REPORT AND RECOMMENDATION - 1

See AR 23. A hearing was held before an administrative law judge ("ALJ") on August 21, 2008, at which plaintiff, represented by counsel, appeared and testified, as did a lay witness, a medical expert and a vocational expert. See AR 49-108.

In a decision dated November 3, 2008, the ALJ determined plaintiff to be not disabled. See AR 150-67. On February 19, 2010, plaintiff's request for review of the ALJ's decision was granted by the Appeals Council, which vacated that decision and remanded the matter for further administrative proceedings. See AR 168-71. Another hearing was held before the same ALJ on November 30, 2010, at which plaintiff, represented by counsel, appeared and testified, as did a different vocational expert. See AR 116-44. In a decision dated May 24, 2011, the ALJ again determined plaintiff to be not disabled. See AR 23-42.

Plaintiff's request for review of the ALJ's second decision was denied by the Appeals Council on December 17, 2012, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 416.1481. On February 1, 2013, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3. The administrative record was filed with the Court on April 16, 2013. See ECF #12. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues this matter should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred:

(1) in rejecting the opinions of Carla van Dam, Ph.D., Terilee Wingate, Ph.D., Dan Neims, Psy.D., and Alysa A. Ruddell, Ph.D.;

(2) in discounting plaintiff's credibility;

(3) in rejecting the lay witness evidence in the record from plaintiff's mother and step-father;

REPORT AND RECOMMENDATION - 2

|   |   |   |
|---|---|---|
| | (4) | in failing to include in her assessment of plaintiff's residual functional capacity all of the limitations assessed by Dr. Brown; |
| | (5) | in failing to have a medical expert testify on remand; and |
| | (6) | in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy. |

For the reasons set forth below, the undersigned agrees the ALJ erred in part in rejecting the opinion of Dr. Ruddell and erred in rejecting the lay witness evidence from plaintiff's step-father, and thus in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy and therefore not disabled. Also for the reasons set forth below, the undersigned recommends that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986); <u>see also</u> <u>Batson v. Commissioner of Social Security Admin.</u>, 359 F.3d 1190, 1193 (9th Cir. 2004); <u>Carr v. Sullivan</u>, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing <u>Brawner v. Secretary of Health and Human Services</u>, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation omitted); <u>see</u> <u>also</u> <u>Batson</u>, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test

REPORT AND RECOMMENDATION - 3

requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.  The ALJ's Rejection of Dr. Ruddell's Opinion

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

"must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician."

REPORT AND RECOMMENDATION - 5

Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

In mid-August 2009, Dr. Ruddell completed a state agency psychological/psychiatric evaluation form, in which she assessed plaintiff with a number of moderate to marked limitations in the areas of cognitive and social functioning. See AR 726. With respect to that report, the ALJ stated in relevant part:

> Problems are . . . found with the [state agency] form completed by Alyssa Ruddell, Ph.D., in August 2009 (Ex. 28F). Much of her report relied on the claimant's allegations. Although some testing was performed, Dr. Ruddell had ". . . no records or collateral information available for this examination." Thus, she had no opportunity to compare her test results with other test results in his [sic] medical record.

AR 40. Plaintiff argues, and the undersigned agrees that the mere fact that Dr. Ruddell did not have an opportunity to compare her test results with other test results in the record is not itself a legitimate basis for rejecting Dr. Ruddell's assessed limitations.

First, there is no requirement that an examining medical source review other objective findings in the record in order for that source's opinion to be supported by substantial evidence. Second, while it is true that the extent to which a medical source is familiar with other information in the record is a relevant factor for the ALJ to consider in deciding what weight to give that opinion, as plaintiff points out this is but one factor an ALJ takes into consideration, including the extent to which the medical source supports his or her own opinion. See 20 C.F.R. § 416.927(c)(3), (6). Third, although consistency with other evidence in the record is another factor the ALJ must consider (see 20 C.F.R. § 416.927(c)(4)), the ALJ in this case did not state what other test results Dr. Ruddell should have considered or in what manner those other results

REPORT AND RECOMMENDATION - 6

conflicted with her own results.[2]

In regard to the testing of plaintiff's cognitive functioning, furthermore, Dr. Ruddell specifically commented that simple instructions had to be repeated, that plaintiff's ability to recall one of three words in five minutes suggested "an impaired ability to learn," and that plaintiff "did not seem to be able to sustain attention sufficiently to maintain focus and perform routine/rote tasks." AR 726. Accordingly, at least in regard to the cognitive limitations she assessed, it does not appear that Dr. Ruddell relied solely on plaintiff's own allegations.[3] The ALJ, therefore, failed to provide valid reasons for rejecting them. The same is not true, though, with respect to the social functioning limitations Dr. Ruddell assessed, the ALJ's rejection of which, the undersigned finds was not improper.[4]

II. The ALJ's Evaluation of the Lay Witness Evidence From Plaintiff's Father

Lay testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination

---

[2] See Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988) (ALJ must do more than offer his or her own conclusions regarding medical opinion evidence, rather he or she must explain why those conclusions are correct).

[3] See Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (opinion based on clinical observations supporting diagnosis of depression is competent psychiatric evidence); Clester v. Apfel, 70 F.Supp.2d 985, 990 (S.D. Iowa 1999) (results of mental status examination provide basis for diagnosis of psychiatric disorder, just as physical examination results provide basis for physical illness or injury diagnosis).

[4] A medical source's opinion that is premised solely or primarily on a claimant's subjective complaints may be discounted where the record supports the ALJ in finding the claimant to be not fully credible. See Tonapetyan, 242 F.3d at 1149; Morgan v. Commissioner of the Social Security Administration, 169 F.3d 595, 601 (9th Cir. 1999). Plaintiff has not specifically challenged this aspect of the ALJ's rejection of Dr. Ruddell's assessed limitations in the area of social functioning, and while Dr. Ruddell's evaluation report does contain her own observations of plaintiff, as well as the results of the mental status examination she performed, those observations provide little, if any, in the way of objective clinical evidence to support those limitations. See AR 724-28. Nor, as indicated above, has the ALJ's credibility determination been found to have been improper in this case.

REPORT AND RECOMMENDATION - 7

to those reasons," and substantial evidence supports the ALJ's decision. Id. at 512.  The ALJ also may "draw inferences logically flowing from the evidence." Sample, 694 F.2d at 642.

With regard to the lay witness evidence from plaintiff's step-father, the ALJ found:

I . . . considered the letter written by the claimant's step-father (Ex. 31F). Timothy Davis wrote that the claimant had worked sporadically for him over the five years prior to the date of the letter (August 2008).  A lack of focus was cited by Mr. Davis for the claimant's seeming inability to hold a job for very long.

However, this letter does not establish the claimant's actual inability to work. According to Mr. Davis, the claimant would start each job with enthusiasm, but by the next morning he "stayed behind and moped around the house all day".  The claimant's disinterest in working, however, is not a basis for providing disability benefits to him.  The statements in the letter do not link the claimant's failure to want to work with any particular impairment.  In contrast, the claimant appears to be able to accomplish things that he wants to do, such as quitting the use of substances when he needed to do so to obtain custody of his son (Ex. 22F).

AR 40.  The undersigned agrees with plaintiff that these are not germane reasons for rejecting the statements contained his step-father's letter.  It is true that Mr. Davis stated that although plaintiff often starts work "with enthusiasm," "by the next morning he has stayed behind and moped around the house all day" (AR 648), it is not at all clear this is due to a disinterest in working as found by the ALJ.  For example, Mr. Davis went on to attribute plaintiff's behavior the following day to him feeling "he couldn't do the job or didn't have the energy" (id.), both of which could also be symptoms of plaintiff's mental impairments.  In addition, the ALJ fails to mention that Mr. Davis discussed plaintiff's observed difficulty with maintaining focus on tasks and his slow pace, without indicating this was due to a lack of motivation on plaintiff's part (see AR 648-49), which certainly could significantly impact the ability to work.[5]

---

[5] The undersigned also finds it unreasonable for the ALJ to have required Mr. Davis to link his observations to any particular mental impairment, given that Mr. Davis is a lay witness and not a medical expert.  Rather, it is sufficient that Mr. Davis provided his own personal observations of plaintiff's functioning. See 20 C.F.R. § 416.913(d) ("In

REPORT AND RECOMMENDATION - 8

### III. The ALJ's Step Five Determination

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." Id. It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id. However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id. Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id. In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

The ALJ in this case found plaintiff had the residual functional capacity:

> **. . . to perform a full range of work at all exertional levels but with the following nonexertional limitations: the ability to perform simple repetitive tasks and limited in the ability to make decisions; the ability**

---

addition to evidence from the acceptable medical sources . . . , we may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work.").

REPORT AND RECOMMENDATION - 9

> **to accept instructions through demonstrations with the ability to work independently after receiving instructions; limited in interaction with coworkers and limited to working in proximity to, but with no more than superficial interaction with the general public.**

AR 37 (emphasis in original). Because as discussed above the ALJ erred in rejecting social functioning limitations assessed by Dr. Ruddell and the lay observations of Mr. Davis, both of which appear to conflict with the above RFC assessment, it cannot be said at this time that that assessment is supported by substantial evidence.

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." Id. (citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

At the most recent hearing, the ALJ posed a hypothetical question to the vocational expert containing substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual functional capacity. See AR 137-38. In response to that question, the

REPORT AND RECOMMENDATION - 10

vocational expert testified that an individual with those limitations – and with the same age, education and work experience as plaintiff – would be able to perform other jobs. See AR 138-39. Based on the testimony of the vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in significant numbers in the national economy. See AR 41-42. Given the errors in the ALJ's evaluation of Dr. Ruddell's opinion and the lay witness evidence from Mr. Davis, however, and therefore in her assessment of plaintiff's RFC, the hypothetical question the ALJ posed, and thus her step five determination, also cannot be said to be supported by substantial evidence at this time.

V. This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, they should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

REPORT AND RECOMMENDATION - 11

Because issues still remain in regard to Dr. Ruddell's opinion and the lay witness evidence from Mr. Davis, and thus with respect to plaintiff's residual functional capacity and plaintiff's ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

Although plaintiff argues the marked limitations Dr. Ruddell assessed warrants remand for an award of benefits because they are consistent with a restriction to sheltered work based on the vocational expert's testimony, as discussed above the undersigned has found reversible error only with respect to the ALJ's rejection of the cognitive limitations Dr. Ruddell assessed. See AR 142. The vocational expert, however, based her testimony on an alternative hypothetical question that included the need for "further training, clear structure and supervision to provide [plaintiff] with a meaningful framework for learning how to manage the tasks of employment without jeopardizing others" (see id.), which largely concerns social functioning. Accordingly, the undersigned declines to recommend an award of benefits on this basis.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse the ALJ's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk

REPORT AND RECOMMENDATION - 12

is directed set this matter for consideration on **February 7, 2014**, as noted in the caption.

DATED this 24th day of January, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13